**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA,**
**WESTERN DIVISION**

IN RE:  BK 05-71275-CMS-13
MELISSA QUINN HALLMAN
Social Security No. XXX-XX-3863

      **Debtor.**

**CONFIRMATION ORDER**
**AND ORDER FOR INSTALLMENT PAYMENT OF FILING FEES**

Notice of a hearing on confirmation of debtor's Chapter 13 plan, dated June 16, 2005, having been given to the debtor and all scheduled creditors; and the hearing having been held on July 19, 2005, it is hereby
    **ORDERED, DECREED AND ADJUDGED:**
1. The debtor's plan is hereby **CONFIRMED**, and the debtor's application to pay filing fees in installments is hereby **APPROVED**.

2. Each creditor must file a written proof of claim in the form provided by law to participate in disbursements under the plan. Claims will be paid as duly filed, without hearing, unless a written objection is filed as provided by the Bankruptcy Code. If an objection is filed, the court will conduct a hearing to determine the allowed amount of the claim.

3. The debtor shall pay C. David Cottingham, Standing Trustee, **$165.00 per month for 36 months** beginning immediately, out of which costs and administrative fees of **$194.00** shall be paid. From the funds paid to the trustee, attorney's fees of **$1,800.00** are allowed to **ERIC M. WILSON**, **$1,500.00** payable as part of initial administrative costs, and **$300.00** in **6** monthly installments of **$50.00** each. If proper proofs of claim are filed, the remaining plan funds will be paid in the following way:

**TITLEMAX OF TUSCALOOSA     Claim #     3         $ 77.38                per month     8%**

**THIS IS A BASE PLAN WHEREIN THE DEBTOR(S) PROPOSE TO PAY THE DISPOSABLE INCOME OF $5,940.00 OVER 36 MONTHS ($165.00 X 36) TO THE TRUSTEE, TO BE APPLIED FIRST TO ADMINISTRATIVE CLAIMS AND FIXED PAYMENTS AS SHOWN ABOVE, WITH THE BALANCE OF APPROXIMATELY $1,800.00 (APPROXIMATELY 1.00%) TO UNSECURED CREDITORS.**

The trustee shall distribute the balance left after these fixed payments pro rata among the debtor's other creditors with allowed proofs of claim with payment continuing until any balance has been paid pro rata to all unsecured claims. Any debt not addressed by this order shall be administered in accordance with the debtor's confirmed plan and applicable law.

All creditors whose claims are paid direct by Debtor are granted limited relief from automatic stay to contact the Debtor by mail or telephone concerning the payment of post-petition (no pre-petition) monthly installment payments.

**BK # 05-71275-CMS-13**
**PAGE 2**

4. Property of the estate – "[T]he plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." Telfair v. First Union Mortgage Corporation (In re Telfair), 216 F.3d 1333, 1346 (11th Cir. 2000). The debtor may not dispose of or place any lien upon any property without the consent of the court. Pursuant to 11 U.S.C. § 1305, the debtor may not incur any new debts without the court's consent.

**DONE and ORDERED** this August 3, 2005.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge